UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARGARITA CARRERA,

              Plaintiff,

vs.

ALLIED COLLECTION SERVICES, INC.,

              Defendant.

Case No.: 2:22-cv-01604-GMN-DJA

**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR RECONSIDERATION**

Pending before the Court is the Motion for Reconsideration, (ECF No. 37), filed by Defendant Allied Collection Services Inc. Plaintiff Margarita Carrera filed a Response, (ECF No. 38), to which Defendant filed a Reply, (ECF No. 39).

For the reasons discussed below, the Court **GRANTS, in part,** and **DENIES, in part**, Defendant's Motion for Reconsideration.

**I.     BACKGROUND**

This action arises from a default judgment obtained by Defendant in Nevada state court in 2009 and the subsequent renewal of that judgment in 2022. (*See generally* Compl., ECF No. 1). Plaintiff alleges this judgment was improperly obtained and renewed through misrepresentations and unfair conduct and brought this action to recover damages under the Federal Debt Collections Practices Act ("FDCPA"). (*Id.*). The full background is articulated in the Court's Order granting, in part, and denying, in part, the Cross Motions for Summary Judgment, (the "Order"), which the Court incorporates by reference. (Order, ECF No. 30).

In its Order, this Court held that Plaintiff and Defendant were entitled to summary judgment on certain claims. Defendant now moves the Court to reconsider that Order.

## II. LEGAL STANDARD

Pursuant to Rule 59, a district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error, or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. Moreover, Rule 60(b) permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect, Rule 60(b)(1); newly discovered evidence, Rule 60(b)(2); fraud, Rule 60(b)(3); a void judgment, Rule 60(b)(4); a satisfied or discharged judgment, Rule 60(b)(5); or other circumstances justifying relief, Rule 60(b)(6). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1. "Motions for reconsideration are disfavored." *Id.*

## III. DISCUSSION

Pursuant to FRCP 59(a)(1)(e) and 60(b)(6), Defendant moves the Court to reconsider and amend its Order. (*See generally* Mot. Reconsideration, ECF No. 37). Its primary argument is that the Court erred in its application of the *Rooker-Feldman* doctrine, made irreconcilable conclusions, erred in not finding that Plaintiff's claims were time barred by the relevant statute of limitations, and erred in holding that Plaintiff had standing. (*Id.*). The Court takes up each argument in turn as they are organized in Defendant's Motion.

### A. *Rooker-Feldman* Doctrine Application

Defendant contends that the Court erred in its application of the *Rooker-Feldman* doctrine because (1) the Court considered an exception that was not argued by Plaintiff nor

supported by the record, and (2) Plaintiff's claims are barred by the statute of limitations. (*Id.* 6:4–27).

To Court begins with Defendant's first argument and incorporates its discussion of the *Rooker-Feldman* doctrine in the previous Order. (*See* Order at 8–9, ECF No. 30). Defendant argues that Plaintiff does not use the word "fraud," or argue a fraud exception to *Rooker-Feldman* in her Complaint, during discovery, or in her Motion for Summary Judgment briefing. (Mot. Reconsideration 6:14–17). While the Court agrees that Plaintiff did not use the word "fraud" during the litigation process, she adequately alleged facts and presented evidence to establish that the fraud exception should nonetheless be analyzed by the Court in its Order.

In response to Defendant's Motion for Summary Judgment, Plaintiff advanced that her claims are not a forbidden de facto appeal because "she asserts legal wrongs by Defendant in its debt collection practices that encompass more than just obtaining the [s]tate [c]ourt judgment." (Resp. Def.'s MSJ 6:20–22, ECF No. 22). In her Complaint and Motion for Summary Judgment, Plaintiff asserts that Defendant used "false representations or deceptive means to collect debt from Plaintiff," and made "misrepresentations" and "misleading representations." (*See* Compl. ¶ 31, 33); (*see generally* Pl.'s MSJ, ECF No. 19). These allegations provided a basis for the Court's inclusion of a fraud exception analysis. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021) ("[W]here a party alleges extrinsic fraud by an adverse party in procuring a state court judgment, the *Rooker-Feldman* doctrine does not apply, because such a claim does not challenge the state court decision directly."); *see also Bailey v. I.R.S.*, 188 F.R.D. 346 (D. Ariz. 1999), *aff'd sub nom. Bailey v. U.S. Internal Revenue Serv.*, 232 F.3d 893 (9th Cir. 2000) ("Examples of [extrinsic fraud] include circumstances where a party was kept in ignorance of a lawsuit or was induced not to appear, a claim or defense was concealed from a party, and where the prevailing party obtained the judgment through coercion or duress."). Moreover, *Rooker-Feldman* relates to a court's subject matter jurisdiction, and therefore can be

raised sua sponte. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). Thus, even though the Parties argued the issue of *Rooker-Feldman* generally, the Court did not err in discussing the doctrine's exceptions because it is in the Court's authority to raise issues of subject matter jurisdiction.

Nevertheless, Defendant argues that the fraud exception is not supported by the record. In its Order, the Court explained that to date, Defendant had not produced the agreement showing that Plaintiff was liable for the debt. Moreover, this Court found that the only evidence provided by the parties as to who owns the account was Plaintiff's assertions disavowing ownership. (Carrera Dep. 135:25–136:22, Ex. 1 to Resp. Def.'s MSJ., ECF No. 22-2). However, Defendant argues that the Court should have considered two attorney declarations it attached as exhibits to its Motion for Summary Judgment. (Mot. Reconsideration 6:18–23). Indeed, the declarations affirm that Plaintiff allegedly owed the debt at issue in the 2009 state court case. Moreover, the Assignment of Account,[1] which was also not considered by the Court in its Order, likewise confirms that Plaintiff owed the alleged debt at issue. (*See* Smith Decl. ¶¶ 10–11, Ex. 2 to Def.'s MSJ, ECF No. 18-2); (*see also* Duncan Aff. at 21, Ex. 2 to Def.'s MSJ, ECF No. 18-2); (*see also* Assignment of Account at 23, Ex. 2 to Def.'s MSJ, ECF No. 18-2). Plaintiff's Response to the present Motion sets forth no argument regarding this evidence. (*See generally* Resp., ECF No. 38).

After considering Defendant's evidence, which was available to the Court at the summary judgment stage, the Court now concludes that a genuine dispute of material fact exists as to whether Plaintiff owed the debt. If originally considered by the Court, this evidence would have demonstrated that Defendant met its initial burden at the summary judgment stage, and Plaintiff's evidence would have established that a genuine dispute of material fact existed. The same would be true when applying the burden shifting analysis to Plaintiff's Motion for

---

[1] The Assignment of Account transfers Plaintiff's alleged debt from one entity to another.

Summary Judgment.  If Plaintiff indeed owed the debt, then a fraud exception would not apply, and her claim would thus be barred by *Rooker-Feldman*.  But, if she did not owe the debt, then the fraud exception would apply, and her claim would not be barred.  Accordingly, the Court holds that a genuine dispute of material fact exists as to whether Plaintiff's 15 U.S.C. § 1692e claim, based on Defendant's conduct in obtaining the state court judgment, is barred by *Rooker-Feldman*.  The Court maintains its holding that her claim, as it relates to Defendant's attempt to collect on the state court judgment, is barred by the doctrine.

Defendant's second argument contends that regardless of *Rooker-Feldman's* applicability, Plaintiff's claims are nonetheless barred by the statute of limitations under 15 U.S.C. § 1692k.  But the Motion for Reconsideration is the first time Defendant raised a statute of limitations defense.  A Motion for Reconsideration brought under Rule 59 "shall not raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.  Moreover, relief under Rule 60, is reserved for "extraordinary circumstances." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (*see also* 12 James Wm. Moore, et. al., Moore's Federal Practice § 60.48[3][c] (3d ed. 2005) ("fault by movant usually means [a] lack of 'extraordinary circumstances'")).  Accordingly, the Court concludes that it is impermissible for Defendant to raise its statute of limitations defense for the first time in its Motion for Reconsideration and does not find that its failure to raise it sooner qualifies as an "extraordinary circumstance."[2]

In sum, a genuine dispute of material fact exists as to Plaintiff's 15 U.S.C. § 1692e claim regarding Defendant's actions in obtaining the state court judgment.  Thus, the Motion for Reconsideration is GRANTED as to this claim.

---

[2] Defendant asserts a statute of limitations defense numerous times throughout its Motion for Reconsideration. The Court's discussion of the impermissible nature of this argument applies generally to the entire Motion.

### B. Triable Issues as to 15 U.S.C. § 1692e Claim

Next, Defendant argues that the Court's discussion and conclusion regarding Plaintiff's 15 U.S.C. § 1692e claim is contradictory. The Court agrees.

Relevant to Defendant's Motion for Summary Judgment, this Court held that "a material dispute of fact exists as to Plaintiff's 15 U.S.C. §1692e claims because Defendant initiated a lawsuit to claim a nonexistent debt." (Order 15:08, 15:21–23). Then this Court found that relative to Plaintiff's Motion for Summary Judgment, "taken together, the record before the Court lends itself to the conclusion that Defendant misrepresented to the state court Plaintiff's ownership of the Chase Account and initiated a legal action that could not legally be taken." (*Id*. 22:12–14). It then held that "Plaintiff is entitled to summary judgment on her 15 U.S.C. § 1692e claims." (*Id*. 22:17–18). The Court agrees with Defendant that it cannot hold that there is a genuine dispute of material fact as to a claim presented by one party and then grant summary judgment for the other party on the same claim.

For the reasons discussed in Section A, the Court holds that a genuine dispute of material fact exists as to whether Plaintiff's 15 U.S.C. § 1692e claim based on Defendant's conduct in obtaining the state court judgment is barred by *Rooker-Feldman*. The Court maintains its holding that her claim as it relates to Defendant's attempt to collect on the state court judgment is barred by the doctrine. Thus, the Motion for Reconsideration is GRANTED as to this argument.

### C. Standing

Defendant further contends that the Court erred in concluding that Plaintiff has standing to bring her claims. (Mot. Reconsideration 7:24–25). In its Motion for Summary Judgment, Defendant argued that the Court lacked subject matter jurisdiction because Plaintiff failed to introduce evidence showing a concrete injury. (Def.'s Resp. to Pl.'s MSJ 17:2–4). Defendant now argues that it cannot reconcile the Court's holding that Plaintiff's claims regarding

Defendant's collection of the state court judgment are barred by *Rooker-Feldman*, but Plaintiff has standing to sue.

The issue of standing is a threshold determination of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The *Rooker-Feldman* doctrine is a jurisdictional rule that prevents federal district courts from hearing cases that effectively seek to appeal state court judgments. *Benavidez*, 993 F.3d at 1142. The doctrine does not relate to standing, nor is it a defense. Rather it is a limitation on the subject matter jurisdiction of federal courts. A plaintiff can have a concrete injury to satisfy standing, but a federal district court can nonetheless be barred from addressing the injury per *Rooker-Feldman* because the state court decision can only be reviewed by the United States Supreme Court. *Worldwide Church of God*, 805 F.2d at 891; *see* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005). So, while standing and *Rooker-Feldman* both relate to a court's subject matter jurisdiction, they are distinct principles. Accordingly, the Court did not err when it determined that Plaintiff had standing to sue for the reasons discussed in its Order and also held that some of Plaintiff's claims were barred by *Rooker-Feldman*. Thus, the Motion for Reconsideration is DENIED as to this argument.

**D. 15 U.S.C § 1692f Claims**

Defendant avers that the Court provided conflicting conclusions as to Plaintiff's 15 U.S.C § 1692f claims. This Court granted summary judgment to Defendant for these claims, but in its conclusion, set forth that "Plaintiff is entitled to judgment on her § 1692f claims in their entirety." (Order 17:22–25, 18:16–17, 23:10). Plaintiff now asks the Court to enter summary judgment in her favor for these claims, but the Court finds that she has not met her burden now, nor in her Motion for Summary Judgment. (Resp. to Mot. Reconsideration 11:24–28). The Court maintains its reasoning for granting Defendant summary judgment on

Plaintiff's §1692(f) claims as articulated in its Order and believes it made a typographical error in its conclusion. Accordingly, Defendant is entitled to judgment on Plaintiff's § 1692f claims in their entirety. Thus, the Motion for Reconsideration is GRANTED as to this claim.

### E. Damages

Lastly, Defendant avers, based on its standing argument, that where the Court accepted the *Rooker-Feldman* bar for Defendant's post judgment activities, finding "the state court judgment did not cause her injuries," (Order 22:16–17), Plaintiff's damages could only attach to prior activities such as bringing suit and obtaining judgment, which are barred by the limitations period. For the reasons discussed above in Sections A and C, the Court disagrees with Defendant's assertions regarding damages. Thus, the Motion for Reconsideration is DENIED as to this argument.

In conclusion, Defendant's Motion for Reconsideration is GRANTED, in part, and DENIED, in part.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, (ECF No. 37), is **GRANTED, in part,** and **DENIED, in part**.

The Amended Conclusion of this Court's Order, (ECF No. 30), shall be:

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 18), is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 19), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties will have thirty days from the date of this Order to file a jointly proposed pretrial order pursuant to LR 16-3(b) using the form provided in LR 16-4.

The Clerk of Court is kindly instructed to open the case. Defendant is entitled to judgment on Plaintiff's § 1692e claims to the extent they are based on Defendant's conduct after it obtained the state court judgment. Defendant is also entitled to judgment on Plaintiff's § 1692f claims in their entirety. There remains, however, a triable issue of fact as to whether Plaintiff's § 1692e claims, to the extent they are based on Defendant's conduct in obtaining the state court default judgment, are barred by *Rooker-Feldman*.

**DATED** this __17__ day of March, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court