UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARGARITA CARRERA,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>ALLIED COLLECTION SERVICES, INC.,<br><br>　　　　　　　　Defendant. | Case No.: 2:22-cv-01604-GMN-DJA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

　　　　Pending before the Court is the Motion for Reconsideration, (ECF No. 41), filed by Defendant Allied Collection Services, Inc.  Plaintiff Margarita Carrera filed a Response, (ECF No. 42), to which Defendant filed a Reply, (ECF No. 43).

　　　　For the reasons discussed below, the Court DENIES Defendant's Motion for Reconsideration.

**I.　　BACKGROUND**

　　　　This action arises from a default judgment obtained by Defendant in Nevada state court in 2009, and the subsequent renewal of that judgment in 2022. (*See generally Compl.*, ECF No. 1).  The Court incorporates by reference here its full background section articulated in its Order granting, in part, and denying, in part, Defendant and Plaintiff's Motions for Summary Judgment, (ECF No. 30), and thus only provides facts relevant to the instant motion.

　　　　On August 1, 2024, this Court issued its first Order on the parties respective Motions for Summary Judgment. (*See* Order, ECF No. 30).  In that Order, the Court stated, "Defendant may file a motion for reconsideration if it has a new argument it failed to raise." (*Id.* 22:25, n. 3). Defendant then timely filed a Motion for Reconsideration raising a statute of limitations defense and seeking clarity on certain findings and conclusions. (*See generally* First Mot.

Reconsider, ECF No. 38). The Court issued its Order granting in part, and denying, in part Defendant's Motion for Reconsideration of its first Order, (ECF No. 40). Therein, the Court stated, "it is impermissible for Defendant to raise its statute of limitations defense for the first time in its Motion for Reconsideration and does not find that its failure to raise it sooner qualifies as an 'extraordinary circumstance.'" (Order re First Mot. Reconsideration 05:16–19, ECF No. 40). Defendant now moves for reconsideration of this finding.

## II. LEGAL STANDARD

Pursuant to Rule 59, a district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error, or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. Moreover, Rule 60(b) permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect, Rule 60(b)(1); newly discovered evidence, Rule 60(b)(2); fraud, Rule 60(b)(3); a void judgment, Rule 60(b)(4); a satisfied or discharged judgment, Rule 60(b)(5); or other circumstances justifying relief, Rule 60(b)(6). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1. "Motions for reconsideration are disfavored." *Id.*

## III. DISCUSSION

Defendant requests reconsideration of the finding that it could not raise the statute of limitations in its First Motion for Reconsideration. (*See generally* Second Mot. Reconsideration, ECF No. 41). It argues that it asserted a statute of limitations defense because

of the Court's comment that Defendant may file a motion for reconsideration if it has a new argument it failed to raise in its Motion for Summary Judgment. (*Id.*). Thus, while Defendant does not say so, the Court construes Defendant's argument to be that the Court committed clear error, or the initial decision was manifestly unjust.

In the Order on the Motions for Summary Judgment, the Court reminded Defendant that it may file a motion for reconsideration if it failed to raise an argument at the motion for summary judgment stage. However, any motion for reconsideration must still meet the standards provided for under Rule 59 and 60. Defendant presented a statute of limitations defense, but that argument did not fall under a permissible ground for reconsideration—there was no newly discovered evidence, nor intervening change in controlling law, or any other circumstances justifying relief. Accordingly, the Court did not commit clear error or issue a manifestly unjust decision when it held that it would not analyze Defendant's statute of limitation argument. Thus, Defendant's Second Motion for Reconsideration is DENIED.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Second Motion for Reconsideration, (ECF No. 41), is **DENIED.**

**IT IS FURTHER ORDERED** that the parties will have thirty days from the date of this Order to file a jointly proposed pretrial order pursuant to LR 16-3(b) using the form provided in LR 16-4.

**DATED** this __7__ day of November, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court