George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM
8985 S. Eastern Avenue, Ste. 100
Beltway Corporate Center
Las Vegas, NV 89123
Telephone: (702) 880-5554
ghaines@freedomlegalteam.com
*Counsel for Plaintiff Margarita Carrera*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| Margarita Carrera,<br><br>                Plaintiff,<br><br>        v.<br><br>Allied Collection Services, Inc.,<br><br>                Defendant. | Case No.: 2:22-cv-01604-GMN-DJA<br><br><br>**JOINT PRETRIAL ORDER** |

After pretrial proceedings in this case,

IT IS ORDERED:

### I.  NATURE OF ACTION

**a. Plaintiff's Position**: This is an action for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Margarita Carrera ("Plaintiff") alleges that Allied Collection Services, Inc. ("Defendant") used misrepresentations and unfair conduct to unlawfully collect a debt from Plaintiff. This Court has already ruled that, as a matter of law, Plaintiff's Complaint alleges fraudulent conduct by Defendant and Plaintiff's Claims for Defendant's conduct in obtaining a state

- 1 -

court judgment against Plaintiff are not barred by the *Rooker-Feldman* doctrine. ECF No. 30, Order Granting in Part and Denying in Part Motions for Summary Judgment, pp. 8-9. In Addition, Defendant did not raise a statute of limitations defense in its Answer and Affirmative Defenses and therefore cannot raise it for the first time at trial.

b.  **Defendant's Position:**    Defendant contends it did not violate the FDCPA relative to Ms. Carrera. Moreover, the alleged misrepresentations and/unfair conduct relate to the 2009 collection lawsuit in the Eighth Judicial District, allegations that appear nowhere in the Complaint or Discovery.  It remains Defendant position that it acted lawfully in obtaining a judgment against Plaintiff and seeking to collect on it.  Plaintiff's post hoc litigation is not only a violation of the *Rooker-Feldman* Doctrine, itis barred by the statute of limitations.

## II. STATEMENT OF JURISDICTION

Jurisdiction is conferred on this Court pursuant to Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

## III. ADMITTED FACTS

1.  Defendant filed its Complaint in State Court against Plaintiff Margarita Carrera on June 15, 2009 for a Chase Bank credit account ending in 0814 (the "Account");

2.  On June 29, 2009, Defendant served its Complaint.

3.  Plaintiff failed to respond to the Complaint.

4.  On April 14, 2010, Defendant obtained a Default Judgment in favor of Defendant and against Plaintiff.

///

///

- 2 -

## IV. FACTS NOT CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

**a. Plaintiff:** None.

**b. Defendant:** None.

## V.    ISSUES OF FACT TO BE TRIED

**a. Plaintiff's Position:**

1.    Whether Plaintiff owed the alleged debt;

2.    Whether the Assignment of Account from Debt Buyers Inc. to Defendant (Plaintiff's 000022) is dated June 17, 2009 ;

3.    Whether Defendant served its state court Complaint on a "Jane Smith" at Plaintiff's former property.

4.    Whether Defendant procured the state court judgment through fraudulent means;

5.    Whether Defendant's alleged conduct caused Plaintiff to suffer emotional distress driven by fear, anxiety, humiliation and mental anguish;

6.    The amount of actual damages; and

7.    The extent and nature of any injunctive relief against Defendant.

**b. Defendant's Position:**

1.    On February 26, 2009, Debt Buyers, Inc. placed the Plaintiff's Account with Defendant for collection.

2.    On November 20, 2009, Default was entered.

3.    Whether Plaintiff was aware of the default judgment prior to 2021.

4.    Whether Plaintiff spoke with Defendant about the Default Judgment prior to 2021.

5.      Whether Plaintiff was aware that her wages were being garnished in connection with the Default Judgment prior to 2021.

6.      On October 8, 2012, Plaintiff called ACS and said she could not pay the judgment and was filing for bankruptcy.

7.      On February 7, 2013, Plaintiff called ACS and she is still preparing to file for bankruptcy.

8.      On September 10, 2013, ACS called Plaintiff and discussed payment.  Plaintiff stated she could not make any more payments than what ACS was already garnishing.

9.      On February 28, 2018, Plaintiff called ACS and claimed to not know anything about the Judgment, but that she couldn't pay it and was going to file for bankruptcy.

10.     On June 1, 2022, Plaintiff called ACS and claimed for the first time that the Heritage Chase Account was not hers.

11.     Plaintiff at no time moved to set aside or vacate the state court Default Judgment, despite retaining counsel to do so.

## VI.      CONTESTED ISSUES OF LAW AS AGREED UPON BY THE PARTIES

1.      Whether Defendant is liable to Plaintiff for statutory damages for violating the FDCPA;

2.      Whether Defendant is liable to Plaintiff for actual damages for violating the FDCPA;

3.      Whether Defendant is liable to Plaintiff for all attorneys fees and costs incurred in good faith for Defendant allegedly violating the FDCPA;

## VII.     ANY OTHER MATERIAL ISSUES OF FACT OR LAW

a.  **Plaintiff:**

- 4 -

1. Whether Defendant is permitted to raise a statute of limitations defense for the first time at trial when it did not raise it as an affirmative defense in its Answer after Plaintiff plead fraud in her initial Complaint.

b. **Defendant:**

1. Whether Plaintiff can proceed regarding allegations that are not in the Complaint or Discovery.

2. Whether the *Rooker-Feldman* Doctrine bars the remaining claim in this matter.

3. Whether the Statute of Limitations bars the remaining claim in this matter.

## **Exhibits**

a. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1. Assignment of Account from Debt Buyers Inc. to Defendant (Plaintiff's 000022);

2. Collections Complaint filed in state court on June 15, 2009 (Plaintiff's 000004-000008);

3. Affidavit of Renewal of Judgment filed in state court on March 9, 2022 (Plaintiff's 000010-000061);

4. Affidavit of Service reflecting service for the state court case on June 29, 2009 at Plaintiff's 4600 Swenson St. # 201, Las Vegas NV 89119 (Plaintiff's 000003);

5. Default Judgment filed in state court on April 14, 2010, Case No. A-09-529446-C;

6. Record of Defendant's lien placed on Plaintiff's current home on March 14, 2022;

7. Plaintiff's Letter disputing and demanding validation of the alleged debt sent from Plaintiff to Defendant on June 7, 2022;

8. Defendant's Letter responding to Plaintiff on July 8, 2022 (Plaintiff 9-61);

9. Plaintiff's Responses to Defendant's Requests for Admission, Written Interrogatories, and Requests for Production of Documents dated April 28, 2023.

10. Defendant's Responses to Plaintiff's Requests for Admission, Written Interrogatories, and Requests for Production of Documents dated May 8, 2023;

11. Transcript of the deposition of Plaintiff taken on May 18, 2023;

12. Transcript of the deposition of Allison Smith taken on August 30, 2023;

13. Complaint (ECF No. 1);

14. Answer with Affirmative Defenses (ECF No. 7);

15. Plaintiff's Motion for Summary Judgment (ECF No. 19);

16. Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 21);

17. Plaintiff's Reply in Support of Motion for Summary Judgment (ECF No. 25);

18. Defendant's Motion for Summary Judgment (ECF No. 18)

19. Declaration of Allison Smith in support of the Motion for Summary Judgment. (ECF No. 18-2)

20. Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (ECF No. 22)

21. Defendant's Reply in support of Motion for Summary Judgment. (ECF No. 24)

22. All documents obtained during discovery, more specifically described as documents obtained from request for production requests and interrogatories; and

23. Any and all pleadings, filings and motions in the court file and produced in discovery.

b. As to the following additional exhibits, the parties have reached stipulations stated:

a. None

- 6 -

c.  As to the following exhibits, the party against whom the same will be offered objects to their admissions on the grounds stated:

1.  Set forth the Plaintiff's Exhibits and objections to them.

No objections at this time.

2.  Set forth the Defendant's Exhibits and objections to them.

Plaintiff objects to the following exhibits to the extent that they were not properly produced in discovery:

a.  Defendant's August 23, 2016 letter to Plaintiff.

b.  Defendant's Account Notes.

c.  March 4, 2009 Quit Claim Deed (Pltf. Depo. Ex B)

d.  March 11, 2013, Employer Letter to Defendant Re Garnishment (Pltf. Depo. Ex. G);

e.  June 30, 2014, Employer Letter to Defendant Re Garnishment (Pltf. Depo. Ex. I);

f.  June 19, 2017, Employer Letter to defendant Re Garnishment (Pltf. Depo. Ex. J);

g.  August 2, 2017, Employer Letter to Defendant Re Garnishment (Pltf. Depo. Ex. K);

h.  Defendant's August 23, 2016 letter to Plaintiff.

i.  Defendant's Account Notes

9. Electronic Evidence: [State whether the parties intend to present electronic evidence for purposes of jury deliberations.]

1.  Plaintiff:      Yes.

2.  Defendant:      Yes.

10. Depositions:

- 7 -

3. Plaintiff will offer the following depositions:

Deposition of Plaintiff taken on May 18, 2023; and

Deposition of Allison Smith taken on August 30, 2023.

4. Defendant will offer the following depositions:

Defendant does not presently intend to offer direct testimony via deposition transcript, but reserves the right to do so should the need arise.

d. Objections to Depositions:

1. Defendant objects to Plaintiff's depositions as follows: Defendant objections to the designation above in Section 10 as not complying with L.R. 16-3(b)(10).

2. Plaintiff objects to Defendant's depositions as follows: Plaintiff objects to the use of any documents produced for the first time at the time of Plaintiff's deposition and any testimony at the deposition related to said documents.

## VIII. WITNESSES

The following witnesses may be called by the parties at trial:

a. Provide names and addresses of Plaintiff's witnesses:

Margarita Carrera
c/o Freedom Law Firm
8985 S. Eastern Avenue #100
Las Vegas, NV 89123
Phone: (702) 880-5554
info@freedomlegalteam.com

Allison Smith
c/o Gordon Rees Scully Mansukhani, LLP
Sean P. Flynn, Esq.
1 East Liberty Street, Suite 424
Reno, NV 89501
sflynn@grsm.com

b. Provide names and addresses of Defendant's witnesses:

Same.

- 8 -

## IX. MOTIONS IN LIMINE

There currently is no trial date calendar.  Thus, the deadlines for filing motions has not elapsed. The parties anticipate there may be a need for motions prior to trial.

## PROPOSED TRIAL DATES

The attorneys or parties have met and jointly offered these three trial dates:

Defense Counsel is currently scheduled for Trial starting April 27, 2026, which will go through most of May 2026.  Defense Counsel then has a family European vacation through most of June.  Thus, Defense Counsel will likely not be available for pre-trial and trial events until July 1, 2026, and would request an August 2026 trial date. Defense Counsel also has a late September 2026 trial that will last 3 weeks, and thus the next available time frame would be after mid-October, 2026.

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible, if not, the trial will be set at the convenience of the court's calendar.

## X. ESTIMATED LENGTH OF TRIAL

It is estimated that the trial will take a total of three (3) days.  The Parties request a jury trial on all issues so triable.

DATED:  January 26, 2026.

FREEDOM LAW FIRM, LLC

By: /s/ Gerardo Avalos
    George Haines, Esq.
    Gerardo Avalos, Esq.
    8985 S. Eastern Ave., Suite 100
    Las Vegas, NV  89123
    *Attorney for Plaintiff Margarita Carrera*

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Sean P. Flynn
    Sean P. Flynn, Esq.
    1 East Liberty Street, Suite 424
    Reno, NV 89501
    *Attorney for Defendant Allied Collection Services, Inc.*

- 9 -

## XI.   ACTION BY THE COURT

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on __10/19/2026 at 8:30 a.m.__ .

Calendar call will be held on __10/13/2026 at 9:00 a.m.__ .

DATED: ___January 27, 2026___ .

_____

UNITED STATES DISTRICT JUDGE

- 10 -