UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARGARITA CARRERA,

Plaintiff,

v.

ALLIED COLLECTION SERVICES, INC.,

Defendant.

Case No. 2:22-cv-01604-GMN-EJY

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Motion for Leave to Amend Answer to Plaintiff's Complaint (ECF No. 54) that was recently referred to the undersigned. The Court reviewed the Motion, Plaintiff's Opposition (ECF No. 55), and Defendant's Reply (ECF No. 56). The parties are well versed in the facts and history of this case. The Court only repeats them where necessary.

On July 31, 2024, the Court granted in part and denied in part the parties' respective Motions for Summary Judgment. ECF No. 30. With respect to Plaintiff's 15 USC § 1692e claims, the Court found that "Plaintiff plausibly asserts that Defendant falsely represented in state court that she owed a debt and used that false representation to collect a debt from her." ECF No. 30 at 15. In response to the Court's Order, Defendant filed a Motion for Reconsideration, which the Court granted in part on March 17, 2025. ECF No. 40. In that Order, Court explained a genuine dispute of material fact exists as to whether Plaintiff's 15 USC § 1692e claim, based on Defendant's conduct in obtaining a state court judgment, is barred by the *Rooker-Feldman* doctrine. *Id*. at 6. The Court stated: "If Plaintiff indeed owed the debt, then a fraud exception [to *Rooker-Feldman*] would not apply, and her claim would thus be barred by *Rooker-Feldman*. But, if she did not owe the debt, then the fraud exception would apply, and her claim would not be barred." ECF No. 40 at 5. With respect to Defendant's assertion of a statute of limitation defense that would apply regardless of *Rooker-Feldman*—the gravamen of Defendant's instant Motion—the Court further found: (1) Plaintiff adequately alleged the existence of fraud in the underlying state court action; and (2) "it [was] impermissible for Defendant to raise … [this defense] for the first time in its Motion for

Reconsideration" and, thus, held a genuine dispute of material fact exists as to Plaintiff's § 1692e claim. *Id*. at 3 (citing ECF No. 1 at 5), 5-6. The Court's Order at ECF No. 40 was entered on March 17, 2025.

Defendant moved for reconsideration a second time on April 14, 2025. ECF No. 41. In this filing, Defendant asked the Court to review its holding that Defendant impermissibly raised a statute of limitations defense for the first time in its first Motion for Reconsideration. *Id*. at 3-4. The second reconsideration motion was denied on November 7, 2025 as the Court found no clear error or manifest injustice in its prior decision not to analyze the statute of limitations defense. ECF No. 45.

When the parties met to prepare the joint pretrial order in early 2026, Plaintiff's "counsel brought up, for the first time, the fact that [Defendant] had not asserted a Statute of Limitations defense within its answer to [her] Complaint." ECF No. 54 at 4. Defendant asked Plaintiff to stipulate to allow amendment to the Answer, but Plaintiff refused thus prompting the pending Motion to Amend the Answer over three years after the Answer was filed.

## I. Legal Standard

### a. <u>The Good Cause and Excusable Neglect Standard Applicable to Defendant's Motion to Amend</u>.

Before the Court considers whether Plaintiff's request for leave to amend is appropriately granted, it must address good cause under Fed. R. Civ. P. 16 and excusable neglect under the District of Nevada's local rule—LR 26-3. As explained in *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460, n.5 (D. Ariz. 2012), the Court must address whether Defendant has satisfied "Rule 16(4)(b)'s more stringent good cause standard" before considering whether Defendant meets the standard under Rule 15(a). Rule 15(a) becomes relevant only if Rule 16(b)(4) requirements are met. *Id*. Further, as stated in LR 26-3, any request to extend a date set in a scheduling order made less than 21 days before the expiration of that deadline "will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect."

The "good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quote marks omitted). To meet the burden established by Rule 16's good cause standard, the moving

party may be required to show: (1) it "was diligent in assisting the [c]ourt in creating a workable Rule 16 order" ...; (2) "that ... [its] noncompliance with a Rule 16 deadline occurred ... notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" ...; and (3) "that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted). In sum, a district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

As stated in *Jackson*,

> Central to … [a] showing … [of] diligence is whether the movant discharged her obligation under Rule 16 to collaborate with the district court in managing the case. *See In re San Juan Dupont Plaza Hotel Fire Litig.,* 111 F.3d 220, 228 (1st Cir. 1997). "As Rule 16 recognizes, scheduling orders are at the heart of case management," *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir. 1986), and are intended to alleviate case management problems, *Johnson,* 975 F.2d at 610. Because "[g]ood-faith compliance with[ ] Rule 16 plays an important role in this process," *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.,* 936 F.2d 1364, 1371 (1st Cir.1991), not only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation. *See Marcum [v. Zimmer],* 163 F.R.D. [250,] 253 [S.D.W.V. 1995] ("Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.' "); *Forstmann [v. Culp],* 114 F.R.D. [83,] 84 [(M.D.N.C. 1987)] ("The drafters of the Rules intended this order to 'control the subsequent course of the action' ....").

186 F.R.D. at 607-08.

b. <u>The Standard Applicable to Rule 15(a)(2)</u>.

If Defendant demonstrates good cause and excusable neglect, the Court must then consider the factors generally applicable to a motion to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 504-05 (D. Nev. 2013).

That leave to amend is liberally granted is not debated; however, courts nonetheless routinely consider factors including prejudice, undue delay, and futility. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). Thus, amendments are not automatic. *Id*.

**II. Discussion**

Neither party addresses whether Defendant establishes good cause or excusable neglect to amend its pleading three years after the deadline set by the Discovery Plan and Scheduling Order. *See* ECF No. 10 at 2 (setting the amending the pleadings deadline to be March 16, 2023). This failure alone is grounds to deny the Motion to Amend. *See e.g. Mehta v. Nutribullet, L.L.C.*, Case No. 2:20-cv-01550-APG-DJA, 2021 WL 6294738, at *2 (D. Nev. Dec. 15, 2021), *report and recommendation adopted,* Case No. 2:20-cv-01550-APG-DJA, 2022 WL 60876 (D. Nev. Jan. 6, 2022). Moreover, a review of Defendant's arguments demonstrates that it has not been diligent, and thus, the Court's analysis need go no further.[1]

Defendant contends it is "merely seeks to assert the affirmative defense that it would have raised since the inception of this case had it known that [Plaintiff] would change her theory of the case." ECF No. 54 at 7. According to Defendant, Plaintiff did not raise a violation of § 1692e based on false representations during the underlying collection action until this argument appeared in a single paragraph in her Reply brief in support of Summary Judgment. ECF No. 54 at 5 (citing ECF No. 25 at 4). However, Defendant's contention is not well taken. Plaintiff raised the argument in two nearly identical paragraphs in Plaintiff's Motion for Summary Judgment. *Compare* ECF No. 19 at 5, 10 *with* ECF No. 25 at 4. Moreover, Plaintiff included the identical paragraph to the one Defendant cited in her Opposition to Defendant's Motion for Summary Judgment. *Compare* ECF No. 22 at 4 *with* ECF No. 25 at 4.

[1] Defendant argues leave to amend should be granted because of well established law stands for the proposition that Fed. R. Civ. P. 15(a) favors amendments with liberality. ECF No. 54 at 6. Defendant further contends that all factors evaluated under *Foman v. Davis*, 371 U.S. 178, 182 (1962) favor it amendment. *Id*. at 7-9. However, Defendant cannot "appeal to the liberal amendment procedures afforded by Rule 15; [its] tardy motion [must] satisfy the more stringent 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original).

As Plaintiff explains in its Opposition to Defendant's instant Motion (and as referenced by the District in its March 15, 2025 Order), her Complaint alleges "false, deceptive, and misleading representations." ECF No. 55 at 4 (citing ECF No. 1 at 5); *see also* ECF No. 40 at 3 (same). Defendant, in its Reply, argues Plaintiff's assertion of a misrepresentation in her 2022 Complaint was vague and would not survive a Fed. R. Civ. P. 9(b) challenge as the Complaint itself contained nothing more than "'shotgun' fashion generic allegations." ECF No. 56 at 3.

Even if the Court were to accept Defendant's argument as true, the argument does not explain why Defendant did not address this in its 2022 response to Plaintiff's Complaint through a motion to dismiss or a motion for a more definite statement. Defendant also fails to offer a persuasive reason for why, having not challenged what Defendant contends was inadequate pleading in 2022, it waited until 2026 to seek to amend its Answer to include the statute of limitations defense to Plaintiff's allegations of false, deceptive, and misleading representations. The argument Defendant raises—that Plaintiff changed her theory of the case in a reply brief in support of summary judgment—is unavailing given not only (1) not only did Plaintiff's original Complaint include this allegation, but also in her Motion for Summary Judgment argument filed on October 13, 2023 and in her Opposition to Defendant's Motion for Summary Judgment filed on November 23, 2023, but (2) the Court found a triable issue regarding in March 2025. ECF Nos. 1 at 5; 19 at 5; 22 at 4; 40 at 6. This is all long before March 10, 2026 when the instant Motion was filed, a full year later.

The totality of the facts presented do not support a finding of diligence. Defendant's failure to seek amendment to its Answer to assert a statute of limitations defendant until March 2026 defies diligence. And, even if diligence could be found, Defendant is silent with respect to excusable neglect. Defendant's failure obviates the need for the Court to reach Rule 15(a).

**III. Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's Motion for Leave to Amend Answer to Plaintiff's Complaint (ECF No. 54) is DENIED.

Dated this 4th day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).