**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARGARITA CARRERA,

Plaintiff,

vs.

ALLIED COLLECTION SERVICES, INC.,

Defendant.

Case No.: 2:22-cv-01604-GMN-EJY

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation, (ECF No. 68), from United States Magistrate Judge Elayna J. Youchah, which recommends denying Defendant's Motion for Leave to Amend Answer, (ECF No. 54). Plaintiff previously filed a Response to Defendant's Motion, (ECF No. 55), to which Defendant filed a Reply, (ECF No. 56).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. LR IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b).

Defendant filed a timely objection to the Magistrate Judge's Report and Recommendation. (Obj., ECF No. 70). The Court will therefore make a *de novo* determination as to whether Defendant should be granted leave to amend its Answer.

Defendant sought leave to file an Amended Answer asserting an additional affirmative defense that Plaintiff's claim is barred by the applicable statute of limitations. (Mot. Amend.

10:1–3). Judge Youchah recommended denying Defendant's Motion because Defendant failed to establish good cause, excusable neglect, or diligence. (R. & R. 4:6–5:22). In its Objection, Defendant argues that its first Answer properly asserted the affirmative defenses envisioned by the Complaint, at which time Defendant "had no obligation to plead a statute of limitations defense the Complaint did not reveal." (Obj. 6:7–9). Instead, according to Defendant, Plaintiff did not mention the theory that makes the limitations defense relevant until she filed a Motion for Summary Judgment. (*Id.* 8:6–8).

Federal Rule of Civil Procedure 16(b)(4) permits the Court to modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). As Judge Youchah explained, "the good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations omitted). Even if the Court were to accept Defendant's argument that it did not have an obligation to raise the statute of limitations defense until after Plaintiff filed her Motion for Summary Judgment, the Court agrees with Judge Youchah that "[t]he totality of the facts presented do not support a finding of diligence." (R. & R. 5:19).

Defendant's Objection fails to explain why, as it claims, the "intervening procedural posture explains the very timing the R. & R. faults." (Obj. 8:23). Defendant argues that it could not have moved for leave to amend its answer while its appeal was pending in the Ninth Circuit from September 2024 to May 2025. (*Id.* 8:23–26). But Defendant did not file the instant Motion until March 10, 2026—almost a year after Defendant voluntarily dismissed its Ninth Circuit appeal, (USCA Order, ECF No. 44), over one and a half years after the Court's decision on the parties' Cross-Motions for Summary Judgment, (ECF No. 30), and almost two and a half years after Plaintiff filed her Motion for Summary Judgment, (ECF No. 19). In its Objection, Defendant claims that it "moved for leave to amend once the case returned to active litigation" in May 2025, (Obj. 2:27); in reality, it waited an additional ten months, far beyond what other

courts in the Ninth Circuit have permitted for Rule 16(b) motions. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002) (holding that a four-month delay demonstrated a lack of diligence and did not meet the good cause standard); *ExperExchange, Inc. v. Doculex, Inc.*, No. C-08-03875, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (finding that a two-month delay after discovery of new facts, after summary judgment had been fully briefed, was too long to establish good cause). Consequently, the Court agrees with Judge Youchah that Defendant "fails to offer a persuasive reason" for undertaking years of extensive motions practice before seeking to amend its Answer to add what it claims is a critical defense. (R. & R. 5:9–12).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 68), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Amend Answer, (ECF No. 54), is **DENIED.**

**DATED** this 25 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT